UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                  :

**JAMES PELCZAR**,                          :

               Plaintiff,            :

                               :    **DECISION AND ORDER**

        – against –           :    18-CV-6887 (AMD) (LB)

                               :

**DOREEN PELCZAR**, *et al.*         :

                               :

           Defendants.     :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff sues the defendants—his sister and the law firm that represented their father's estate—for fraudulently transferring ownership of his parents' house as if it were part of his father's estate after the father died, when it was actually part of a trust controlled by the plaintiff and his sister. I previously dismissed the plaintiff's complaint for lack of subject matter jurisdiction because I found that it fell within the probate exception. (ECF No. 24.) The Second Circuit affirmed my decision in part and vacated in part, concluding to the extent that the plaintiff sought ownership of his parents' house, that fell within the probate exception, but his claim for damages for the alleged fraud fell outside the probate exception. *Pelczar v. Pelczar*, 833 F. App'x 872, 875 (2d Cir. 2020) (summary order). On remand, the plaintiff filed an amended complaint, which the defendants move to dismiss. (ECF Nos. 47, 51.) For the reasons discussed below, the defendants' motions are denied.

## LEGAL STANDARD

       The standards of review under Rules 12(b)(1) and 12(b)(6) are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003). In deciding both types of motions, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw

inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  Dismissal is proper under Rule 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Dismissal is proper under Rule 12(b)(6) for failure to state a claim when the complaint does not "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The only "substantive difference" between the standards of review is that under Rule 12(b)(1), "the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas" under Rule 12(b)(6), "the movant bears the burden of proof on a motion to dismiss[.]" *Seeman v. U.S. Postal Serv.*, No. 2:11-CV-206, 2012 1999847, at *1 (D. Vt. June 4, 2012) (citation omitted).

## DISCUSSION

### I.  Subject Matter Jurisdiction

The defendants argue that the Court lacks subject matter jurisdiction because the case falls within the probate exception.  (ECF No. 47-1 at 2; ECF No. 51 at 4.)  But this is precisely the argument that the Second Circuit rejected.  *See Pelczar*, 833 F. App'x at 874.  The probate exception does not apply when the complaint seeks "damages from the defendants for the alleged fraud," which "neither requires the federal court to directly administer the estate, nor to exercise jurisdiction over estate property under the Surrogate's Court's control."  *Id.* at 875; *see also Leskinen v. Halsey*, 571 F. App'x 36, 38 (2d Cir. 2014) (permitting a plaintiff to raise claims of common law fraud, even when the relief sought "may be at odds with concluded state probate proceedings," because the claims "do not themselves ask the district court to administer an estate, probate a will, or perform another purely probate matter" (citing *Marshall v. Marshall*,

2

547 U.S. 293, 312 (2006))).  As the Second Circuit found, the plaintiff seeks relief that does not require the Court either to administer his parents' estate or to exercise jurisdiction over "property under the Surrogate's Court's control."  *Pelczar*, 833 F. App'x at 875.

The defendants' second argument—that the plaintiff's claim is barred by the Rooker-Feldman abstention doctrine—fares no better.  (ECF No. 47-1 at 3; ECF No. 51 at 4.)  Rooker-Feldman applies when the plaintiff "(1) loses in state court; (2) complains of injuries caused by a state-court judgment; (3) invites the federal court to review and reject that judgment; and (4) commences federal court proceedings after the state-court judgment was rendered."  *Brady v. Friedlander*, No. 20-CV-3515, 2021 WL 5872264, at *1 (2d Cir. Dec. 13, 2021) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).  The parties identify two relevant state court judgments—the Surrogate's Court's judgment that admitted the father's will to probate, and the Appellate Division, Second Department's denial of the plaintiff's Article 78 petition, in which the plaintiff sought to dismiss the ongoing Surrogate's Court proceedings. Neither judgment resolved the plaintiff's complaints about the Whitestone property.  The Supreme Court observed only "[t]hat a will may be inoperative by reason of the invalidity of its dispositions does not, in itself, require denial of probate," and that "questions as to the validity and effect of the disposition of property after the instrument is admitted to probate are best reserved, if required, for consideration in a separate proceeding."  (ECF No. 20-1 at 31.)  The parties do not direct the Court to any separate proceeding at which "questions as to the validity and effect of the disposition" of the Whitestone property were addressed, and the Court is not aware of one.  Nor do the defendants explain how the case "invites the federal court to review and reject" a state court's judgments.  New York courts did not dispose of the claims that the plaintiff raises in this litigation.  As the Second Circuit found, "adjudication of the [plaintiff's]

claim for damages might require a federal court to determine that the Surrogate's Court committed an error in administering the estate" and does not divest this Court of jurisdiction. *Pelczar*, 833 F. App'x at 875.

## II.     Failure to State a Claim

Mr. Maimone and his firm argue that the plaintiff fails to state a claim upon which relief can be granted because attorneys are immune from suit when they act within the scope of their representation.  (ECF No. 51 at 2; ECF No. 58 at 2.)  But attorneys accused of fraud may be liable to third parties for the injuries that they cause.  *See Barsoumian v. Williams*, 29 F. Supp. 3d 303, 316 (W.D.N.Y. 2014) (permitting attorney liability "for injuries caused by services performed on behalf of a client or advice offered to that client, absent a showing of fraud, collusion, or a malicious or tortious act"); *see also Rx USA Int'l, Inc. v. Superior Pharm. Co.*, No. 04-CV-5074, 2005 WL 3333843, at *9 (E.D.N.Y. Dec. 7, 2005) (explaining that an attorney may be liable to third parties when he "did something either tortious in character or beyond the scope of his honorable employment" (quoting *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1080 (2d Cir. 1977))).  The defendants do not explain why Mr. Maimone's position as an associate means he cannot be personally liable.  *Cf.* Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

The defendants also argue that there can be no fraud because the Surrogate's Court granted Ms. Pelczar the authority to transfer the Whitestone property.  (ECF Nos. 47, 51, 59.) Ms. Pelczar adds that she relied on representations by the state court and her attorney, while Mr. Maimone and his firm maintain that they "played no role" in the transfer.  (*Id.*)  The lawyer defendants further argue that the plaintiff does not establish "intent to defraud" because he does

not explain the significance of filing, or failing to file, certain documents—an inventory of assets, release of lien, final accounting, affidavit of legal services and final settlement—with the Surrogate's Court.  (ECF No. 51 at 3.)  Finally, the lawyer defendants say that they owed no duty to the plaintiff.  (*Id.* at 4.)

To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Haggerty v. Ciarelli & Dempsey*, 374 F. App'x 92, 94 (2d Cir. 2010) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)).  The Second Circuit identified "certain badges of fraud," including "(1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry." *Saadeh v. Kagan*, No. 20-CV-01945, 2021 WL 5827942, at *8 (S.D.N.Y. Oct. 20, 2021) (quoting *In re Kaiser*, 722 F.2d 1574, 1582–83 (2d Cir. 1983)).

Even if the Surrogate's Court permitted the transfer of the property, the plaintiff alleges that the defendants deceived that court by treating the Whitestone property as part of the father's estate.  The plaintiff cites Ms. Pelczar's court filings, certified by Mr. Maimone, as proof that the defendants worked together to perpetrate a fraud on the Surrogate's Court.  The existence of a scheme or the extent of the defendants' role in it are questions of fact which the Court cannot

5

resolve on a motion to dismiss.  The lawyer defendants cite no authority for their position that

filing an allegedly fraudulent inventory of estate assets—one that includes the Whitestone

property and lists Mr. Maimone as the executor's lawyer—cannot establish intent to defraud; nor

do they clarify how their duty to represent Ms. Pelczar means that they could not have defrauded

the plaintiff.  *See Selimovic v. S. Side Assocs. LLC*, No. 16-CV-298, 2020 WL 2522117, at *3

(E.D.N.Y. May 18, 2020) (explaining that when a party moves to dismiss under Federal Rule of

Civil Procedure 12(b)(6), "the movant bears the burden of proof" (quoting *Gonzalez v. Option

One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014))).

## III.    Res Judicata

The defendants argue that the plaintiff's claim is "wholly and/or at least partially barred"

by the doctrine of res judicata.  (ECF No. 47-1 at 3; ECF No. 51 at 5.)  Congress requires federal

courts "to give preclusive effect to state-court judgments whenever the courts from the State

from which the judgments emerged would do so[.]"  *Allen v. McCurry*, 449 U.S. 90, 95-96

(1980) (citing 28 U.S.C. § 1738).  Accordingly, I look to New York law to determine whether

the plaintiff's claims are barred by res judicata.  *Harris ex relatione Harris v. BNC Mortg., Inc.*,

No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017).  In New York, "res

judicata bars successive litigation of all claims based upon the same transaction or series of

connected transactions if: (i) there is a judgment on the merits rendered by a court of competent

jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous

action, or in privity with a party who was."  *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*,

393 F. App'x 808, 811 (2d Cir. 2010) (alterations omitted) (quoting *People ex rel. Spitzer v.

Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)).  The res judicata doctrine does not apply

because, as explained above, the defendants do not identify a judgment on the merits in another

court of competent jurisdiction that would bar litigation of the plaintiff's claim.

**CONCLUSION**

For these reasons, the defendants' motions to dismiss are denied.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 24, 2022